Dear Mr. Greer:
You have requested an opinion of the Attorney General regarding the use of a 6.9 mill ad valorem tax for the purpose of expanding the emergency medical response service provided by the Sixth Ward Fire Protection District No. 1 (District) to include an ambulance service.
R.S. 40:1500 provides with respect to the powers of the District, in pertinent part, as follows:
 "A. Fire protection districts shall constitute public corporations and as such shall have all the powers of public corporations, including . . . the right and power to incur debt . . . . Such districts shall also be authorized to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings, machinery, equipment, water tanks, water hydrants, water lines, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district
against fire . . .
 B. Districts may utilize their equipment to transport any injured or ill person to a hospital or other place of medical care in an emergency situation where there is no reasonable expectation of the prompt response of an ambulance or industrial ambulance." (Emphasis added.)
As can be seen from the above, state law authorizes the district to transport injured and/or ill persons to a hospital or other place of medical care, but only in an emergency situation where there is no reasonable expectation of the prompt response of an ambulance. Our research indicates that other statutes specifically authorize certain fire protection districts to provide emergency medical services and transportation on a broader scale. See, for example, R.S. 40:1500.1. We find no such specific authority for the District.
While statutory authority exists for the District to provide medical transportation under limited circumstances, the issue presented for our consideration is whether the District may use the 6.9 mill property tax for an ambulance service.
The tax proposition provides, in pertinent part, the following:
 "Shall the Sixth Ward Fire Protection District No. 1 of the Parish of Morehouse, State of Louisiana, levy a special tax of six and nine tenths (6.9) mills on all of the property subject to taxation in said Ward Six of Morehouse Parish, Louisiana, . . . for the purpose of the acquisition of equipment for, and the improvement, operation, maintenance and support of equipment owned and to be acquired by, and the acquisition, maintenance and construction of facilities for the Sixth Ward Fire Protection District No. 1, . . . ."
R.S. 39:704 provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
Since the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the millage.
The tax proposition authorizes the use of the property tax revenues for purposes specifically related to the acquisition, construction, improvement, operation and maintenance of fire protection facilities and equipment. The proposition is silent with regard to the providing of ambulance services.
While expenditure of the property tax revenues for medical transportation authorized by R.S. 40:1500(B) would be permissible, we are of the opinion that the proposition does not envision the use of the proceeds for an expanded emergency medical response and ambulance service.
It should be noted that the District could request the voters to rededicate the proceeds of the tax so as to include the ambulance service. A rededication election would have to be approved by the State Bond Commission as per R.S. 39:1410.61. In addition, the providing of ambulance services must be legislatively authorized. In accord, see Attorney General Opinion No. 92-196.
Your request enumerates eleven questions, some of which have been addressed and resolved by the above discussion. Your first and second questions have been addressed, supra. Your third question asks whether the District can provide ambulance service outside its boundaries. As previously noted, the District may only provide emergency medical transportation under the circumstances set forth in R.S. 40:1500(B), regardless of whether the emergency occurs within or without the District's boundaries.
In answer to your fourth question, it is the opinion of this office that the District may not use emergency vehicles to provide non-emergency transportation to individuals (e.g., to and from nursing homes).
Your fifth question has been previously addressed.
In answer to your sixth and seventh questions, this office is aware of no legal authority for the District to charge a non-voter approved fee for the emergency transportation authorized by R.S. 40:1500(B).
Your eighth question has been previously discussed.
In answer to your ninth question, R.S. 40:1500(B) limits the District's emergency transportation of injured and/or ill persons to emergency situations where there is no reasonable expectation of a prompt response by an ambulance. This restriction applies to calls directed to the district by the E-911 system. Thus, only in cases where an ambulance service is unavailable, should the district use its emergency vehicles to respond to an E-911 referral.
Your tenth question asks whether the Morehouse Parish Police Jury would have any legal exposure in the event the District was sued. R.S. 40:1492 establishes the District as a subdivision of the state within the meaning of state laws relating to the voting and levying of special maintenance taxes, incurring debt, and issuing bonds therefor. In addition, R.S. 40:1500 constitutes the District as a public corporation having all powers of public corporations, including the right and power to sue and be sued.
Article VI, Section 15 of the Louisiana Constitution of 1974 grants to the governing authority of a local governmental subdivision (e.g., the Parish) the general power over any agency created by it, including the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
Based on the above provisions, it would appear that the Parish would, generally, not be liable for the actions of the District, a public corporation separately constituted. However, the liability vel non, of the Parish for the actions of the District would obviously depend upon the factual situation presented. While you have not inquired into the liability vel non, of the District in the performance of its duties, I am enclosing a copy of Attorney General Opinion No. 93-4, which thoroughly addresses this area.
Your final question requesting an explanation of ambulance and/or emergency services as they pertain to the District has been discussed hereinabove.
Should you have any additional questions concerning these matters, please do not hesitate to contact us.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3:bb
0426R/Enc.
cc: Alex Rankin, Esq.
Mr. E. A. Greer Secretary Morehouse Parish Police Jury P.O. Box 509 Bastrop, LA 71221-0509
DATE RECEIVED: 10/24/94
DATE RELEASED:
ROBERT E. HARROUN, III ASST. ATTORNEY GENERAL